

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-196** |
| | § | |
| **THADDEUS SEAN PAPILLON** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 23, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Thaddeus Sean Papillion, on **Count 3** of the charging **Superseding Indictment** filed in this cause on January 23, 2008.  Count 3 of the Indictment charges that on or about January 12, 2007, in the Eastern District of Texas, Thaddeus Sean Papillion, Defendant herein, did knowingly and intentionally possess with intent to

distribute less than one hundred (100) kilograms of a Schedule I controlled substance, namely, a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

Defendant, Thaddeus Sean Papillion, entered a plea of guilty to Count 3 of the Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 21

U.S.C. § 841(a)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation* If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that the Government would prove that Defendant is one and the same person charged in the Superseding Indictment and that the events described in the Superseding Indictment occurred in the Eastern District of Texas. The Government and Defendant agreed that the Government would prove beyond a reasonable doubt, through the sworn testimony of numerous witnesses, each and every essential element of the charged offense.

Specifically, the Government will prove, through the sworn testimony of numerous witnesses, that on or about January 12, 2007, Beaumont Police Officers Dwight Dean and D.K. LeBeouf conducted a traffic stop of a vehicle being driven by Defendant Papillion, the sole occupant. During a pat-down search for officer safety, Officer Dean discovered a small baggie of marijuana in the pants pocket of Defendant Papillion, for which offense he was arrested. Thereafter, during a search incident to arrest of the vehicle, Officer Dean discovered, among other things, two separate brick-shaped bundles of marijuana, wrapped in clear cellophane. Officer Dean also discovered two small baggies of marijuana in packaging similar to the small baggie of marijuana found in Defendant's pocket. Not only would the officers testify to these

stipulated facts, they would each testify, based on their training and experience, that the packaging and amount of marijuana, together with other circumstances, demonstrate that the marijuana was for distribution and not mere personal use.

The Government would also prove and the Defendant would stipulate that Rebekah Sweetenham of the Jefferson County Crime Laboratory determined that the suspected controlled substances seized from Defendant's person and vehicle consisted of a schedule I controlled substance, namely, marijuana, weighing approximately 232 grams or approximately 8.16 ounces. Sweetenham is a qualified expert in the analysis and determination of the identity of substances.

Defendant, Thaddeus Sean Papillion, agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 3** of the charging **Superseding Indictment** filed in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Thaddeus

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the

Sean Papillion, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(a)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.  *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

---

agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of April, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE